IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIM NO. 25-CR-318 |
| KEONTE WILSON, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO GOVERNMENT'S MOTION TO
ADMIT OTHER CRIMES EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) AND TO
IMPEACH THE DEFENDANT WITH PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

COMES NOW Keonte Wilson, through undersigned counsel, and respectfully submits this Opposition to the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) and to Impeach the Defendant with Prior Convictions Pursuant to Federal Rule of Evidence 609 ("Government's Motion") [Dkt. #19] The government seeks to admit at trial previous convictions of Mr. Wilson. The court should deny the government's request for introduction under Rule 404(b), as well as denying the use of Mr. Wilson's convictions under Federal Rule of Evidence 609 should Mr. Wilson testify. For these reasons, as set forth below, the Court should deny the government's motion.[1]

## Background

Mr. Hodge is being charged in a one count Indictment of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

The two convictions, which the defense does not dispute, are as follows:

1) 2020 CF2 002638: Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a) and carries a maximum of five years incarceration, Mr. Wilson pled guilty to the charge, and was sentenced on June 2, 2022, to 10 months incarceration, all of that time having been suspended.

2) 2015 CF2 017279: Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a) and carries a maximum of five years incarceration, Mr. Wilson pled guilty to the charge, and was sentenced on March 29, 2016, to 16 months incarceration, all of that time having been suspended. Mr. Hodge was sentenced under the District of Columbia's Youth Rehabilitation Act.[1]

## Argument

Under Rule 404(b), "other acts" evidence "is *not* admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b) (emphasis added). "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is

---

[1] District of Columbia provides that a YRA sentence can be the prerequisite offense for a 922(g) gun charges. *See United States v. Aka*, 339 F. Supp. 3d 11, 15(D.D.C. 2018).

2

probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). This rule is based on the presumption of innocence and the recognition that "[i]t is fundamental to American jurisprudence that 'a defendant must be tried for what he did, not for who he is.'" *United States v. Foskey*, 636 F.2d 517, 523 (D.C. Cir. 1980) (citation omitted). "The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985).

     Rule 404(b) provides in full:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.
> Fed. R. Evid. 404(b).

Although the D.C. Circuit has described Rule 404(b) as a rule of inclusion rather than exclusion, *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), it has also "repeatedly emphasized the narrow scope of the 'bad acts' evidence exceptions under Rule 404(b) . . . and the continuing applicability of the Rule 403 limitation on unduly prejudicial evidence even if an exception is satisfied," *United States v. Nicely*, 922 F.2d 850, 856 (D.C. Cir. 1991). To satisfy Rule 404(b), the evidence of other crimes or acts must be (a) relevant under Federal Rule of Evidence 401, (b) related to "a matter in issue other than the defendant's character or propensity to commit crime," and (c) "sufficient to support a jury finding that the defendant committed the other crime or act." *Bowie*, 232 F.3d at 930. "[S]uch evidence is *never* admissible unless it is 'necessary' to establish a material fact such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980) (emphasis added) (footnote omitted).

Even if the evidence at issue is offered for a legitimate, no propensity purpose under Rule 404(b), it must be excluded pursuant to Rule 403 if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R.

4

Evid. 403. For the purposes of Rule 403, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The D.C. Circuit has recognized that there are "unique dangers of unfair prejudice associated with evidence of other bad acts," *United States v. Lavelle*, 751 F.2d 1266, 1275 (D.C. Cir. 1985), and that such evidence creates "enormous danger of prejudice to the defendant" because "juries are prone to draw illogical and incorrect inferences from such evidence," *Shelton*, 628 F.2d at 56. *See also Bowie*, 232 F.3d at 931 ("Evidence of other crimes or acts having a legitimate nonpropensity purpose undoubtedly may contain the seeds of a forbidden propensity inference" and thus may be barred under Rule 403).

Courts should also exclude "other acts" evidence pursuant to Rule 403 if its introduction will create a "trial within a trial," *United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (quotation marks omitted), or if the government is likely to spend more time "dealing with alleged wrongful conduct not covered by the indictment than . . . dealing with the incidents" for which the defendant is charged, *United States v. Jones*, 570 F.2d 765, 769 (8th Cir. 1978). *See also United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) ("Confusion of the issues

5

warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.").

The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. *See United States v. Hudson*, 843 F.2d 1062, 1066 (7th Cir. 1988); *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987). The evidence at issue here is not admissible pursuant to Rule 404(b), because it is unreliable and irrelevant to any material issue other than propensity and is more prejudicial than probative.

The government seeks to admit Mr. Wilson's convictions as "that the charged act was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident. The probative value of this evidence would be significant in this case, particularly if the Defendant denies that he knew the gun in his possession was in fact a firearm (and not a replica)." Government's Motion at 8. In this matter, the weapon was found on Mr. Wilson's crotch area, a placement which cannot in any way be suggested to be accidental or a mistake. To suggest that Mr. Wilson did not know that there was a gun on his person considering the location of the item would be an absurd defense.[2] Accordingly, the suggestion that

---

2 The defense would be happy to accept the court ruling that the defense is estopped from arguing any argument of mistake or accident as its defense if that would satisfy the government apparent "need" to counteract the possibility of such a defense by Mr. Wilson.

6

this evidence is necessary to prove "inadvertence, mistake or accident" is simply an argument of a highly prejudicial nature to be "backdoored" to support a conviction by providing evidence of prior gun convictions to show propensity or bad character.  Accordingly, the government's reliance of an exception to Rule 404(b) does not apply. The defense submits that the government's inclusion of the two convictions is simply a way to attempt a conviction not based on the evidence, but on Mr. Wilson's past. The government seeks to get its conviction on the theory of "he did it twice before, he is doing it again." That is, in short, what Rule 404(b) aims to prohibit, and therefore such evidence should not be allowed.

In this case, the facts are not one which suggest that there is some probative value in showing that Mr. Wilson had previous firearm convictions. This is a case where there is actual possession (or carrying) of the pistol, and not some level of constructive possession (carrying), to show Mr. Wilson has a previous knowledge of weapons. Instead, what the government is trying to include in its case in chief "concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). However, it is more prejudicial than probative and therefore should not be admitted under Rule 404(b).

## Mr. Wilson's Convictions Should Not Be Admitted
## Pursuant to Federal Rule of Evidence Rule 609

With regard to use of Mr. Wilson's convictions, the government has rightly asserted that the decision of whether the convictions can be used for impeachment purposes is Federal Rule of Evidence 609. The Rule states that

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

The defense agrees that the factors mentioned in the case of *United States v. Jackson*,

627 F.2d 1198, 1210 (D.C. Cir. 1980) in Government's Motion are applicable.[3] However, while the factors may suggest that convictions may lean in favor of permitting them to be used, the fact that they are convictions for the very similar charge is problematic. This circuit has stated that "convictions which are for the same crime should be admitted sparingly." *Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967). Conviction for a prior charge when a defendant is facing pending similar charges may be prejudicial, *see Lewis,* 626 F.2d at 951. The D.C. Circuit has noted that the probative value of convictions for prior similar charges may outweigh their prejudicial effect if, for example, the defendant denies any prior involvement in or knowledge of the type of criminal activity at issue. *Id.*

It should be noted that the convictions that the court is considering are two carrying a pistol without a license convictions. These convictions do not carry any sort of level of dishonesty or falsehood; they are simply possessory offenses. Admittedly, the fact that convictions that are do not involve dishonesty might "prior crimes do not involve explicit dishonest acts or false statements," such felonies "still say something" about [the defendant's] about a defendant's "ability to be truthful while under oath." *United States v. Moore*, 75 F. Supp. 3d 444, 455. However, the fact that he has a felony

---

3 The factors are: (1) the nature of the crime, (2) the time of the conviction, (3) the similarity of the past crime to the charged crime, (4) the importance of the defendant's testimony, and (5) the degree to which the defendant's credibility is central to the case. *Jackson*   at 1210 .

conviction is of minimal probative value. This is especially true in particular in this case because the jury will already know, one way or the other, that, based solely upon the nature of the charge, he is already a felon.4 Accordingly, the fact that his prior felony is a gun charge only adds unneeded prejudicial fuel to the fire.

Accordingly, Mr. Wilson respectfully submits that the convictions should not be permitted because of their prejudicial value outweighing their probative effect. However, the defense would agree that admission of the prior charges would have probative value only in one specific circumstance. Namely, should the defendant take the stand and testify to some level of lack of knowledge of a gun (e.g., he did not know it was a real pistol, he denies ever having used a gun before), then, and only then, would the probative value outweigh the prejudicial value. Accordingly, this court should reserve until such time that a) the defendant takes the stand, and b) testifies to a lack of knowledge of pistols or other similar testimony. At that time, the court should allow the testimony to be allowed. If Mr. Wilson does not testify to any such defense, then he should not be impeached with the prior convictions.

---

4 The issue of how the government will prove to the jury that Mr. Wilson is a prior felon has not been discussed by the parties. It is the defense's intention to try to reach a stipulation conceding the element by allowing the jury to know that Mr. Wilson has a felony conviction without indicating the nature of the charge, thus minimizing prejudice.

## Conclusion

For the foregoing reasons, the Court should deny the government's motion and exclude the use of the proposed Rule 404(b) evidence.

Respectfully submitted,

KEONTE WILSON
By Counsel


   /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Keonte Wilson
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

11

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 25$^{tht}$ day of February, 2025, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Keonte Wilson
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com